*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JASON ROBERT HART,

        Defendant-Appellant.

UNPUBLISHED
March 9, 2023

No. 359054
Berrien Circuit Court
LC No. 2020-002059-FC

Before: SHAPIRO, P.J., and LETICA and FEENEY, JJ.

SHAPIRO, P.J. (*concurring*).

Although I would hold that acts committed by the defendant prior to age 14 should not have been admitted as "other acts" pursuant to MCL 768.27a, I agree that defendant's conviction should be affirmed. Even if those acts had been excluded, defendant's sisters would have testified to assaults committed after age 14 and given that, I cannot conclude that a different outcome would have been probable.

I also write to question the wisdom of the mandatory minimum sentence that had to be imposed in this case. Defendant, age 47, was convicted of a single digital penetration in 2010. He was acquitted of the charge that he took improper photos of the victim in 2020, and the victim testified that the 2010 episode was the only time defendant assaulted her. The sentencing guidelines recommended a minimum prison term of between 27 and 45 months. One may fairly argue that the nature of the crime merits a significant upward departure from that range. However, a mandatory sentence of 25 years, though we seem to have become inured to it, is an extraordinarily harsh sentence for a single assault from 2010 with no demonstrated incidents of criminal behavior since. While a sentence of that length is proper for some assailants and some assaults, it is not proper for all. Effectively removing all sentencing discretion from the trial court has largely eliminated the ability of the judiciary to impose individualized sentences, which has always been a bedrock principle of Michigan law. And it transfers such judicial discretion to the executive branch because by determining what charges to file and what plea bargain to offer, the prosecutor controls sentencing.

As I stated in my partial concurrence in *People v Hall*, unpublished per curiam opinion of the Court of Appeals, issued September 4, 2014 (Docket No. 313795):

> A defendant's "sentence should be tailored to the particular circumstances of the case and the offender in an effort to balance both society's need for protection and its interest in maximizing the offender's rehabilitative potential." *People v McFarlin*, 389 Mich. 557, 574; 208 NW2d 504 (1973). Such particularized determinations are properly reserved for the trial court, which has heard the evidence and reviewed the applicable sentencing information. Individualized sentences cannot feasibly or constitutionally be administered by the Legislature or the Executive. Indeed, the United States Supreme Court struck down portions of sentencing guidelines enacted by Congress because the guidelines were mandatory and impermissibly limited a trial court's sentencing discretion. *United States v. Booker*, 543 US 220, 258-260; 125 S Ct 738; 160 L Ed 2d 621 (2005) (STEVENS, J.).

> \* \* \*

> It is clear that the mandatory minimum set by MCL 750.520b(2)(b) represents the Legislature's view that those guilty of CSC I against victims under age 13 should be severely punished and I agree that severe punishment is typically proper. However, the question is whether it is proper in all cases such that a 25-year minimum is always a just sentence. As Justice Scalia has noted, the "most significant role[ ] for judges is 'to protect the individual criminal defendant against the occasional excesses of th[e] popular will, and to preserve the checks and balances within our constitutional system that are precisely designed to inhibit swift and complete accomplishment of the popular will."[1]

>> [T]he political system is biased in favor of more severe punishments. There are few forces that can counter the government when it overreaches on crime. As Jeremy Bentham observed, "legislators and men in general are naturally inclined" in that direction because "antipathy, or a want of compassion for individuals who are represented as dangerous and vile, pushes them onward to an undue severity." Bentham therefore advocated that, "It is on this side [towards severity], therefore, that we should take the most precautions, as on this side there has been shown the greatest disposition to err."[2]

Finally, I note that the maximum sentence imposed by the court in this case was 53 years. Thus, regardless of the minimum term, defendant may be lawfully imprisoned until he is 100 years

---

[1] Scalia, *The rule of law as a law of rules*, 56 U Chi L Rev 1175, 1180 (1989).

[2] Barkow, *Separation of powers and the criminal law*, 58 Stan L Rev 989, 1030-1031 (2006) (citations omitted).

old.  The only question is when the parole board will be permitted to consider if it is safe and proper to release him.

/s/ Douglas B. Shapiro